VÁZQUEZ, APPELLANT, *v.* REGISTRAR OF SAN JUAN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Division of Community.

No. 495.—Decided December 12, 1921.

RECORD OF TITLE—COMMUNITY PROPERTY—CIVIL STATUS.—When the record in the registry shows that the grantee of real property is married, subsequent records can not be made contradicting that civil status unless it be shown in proper proceedings that the said grantee and the woman named in the record as his wife were single at the time of the acquisition, and it is not sufficient that they both make such a statement in a public instrument.

The facts are stated in the opinion.
*Mr. J. G. Torres* for the appellant.
The respondent appeared by brief.

Mr. Chief Justice Hernández delivered the opinion of the court.

By a public deed executed on June 16, 1907, Clemente Vázquez and his wife, Jacinta Rodríguez, and Perfecto Flores, whose wife, Felipa Febo, was not a party to the deed, divided a rural property of 210 acres in the municipality of Loíza which the parties owned in common and had acquired from Ramón Rola Quiñones by a deed executed on July 4, 1896, and recorded in the registry of property. They formed two properties of 105 acres each designated by letters A and B, the one under letter A being allotted to Clemente Vázquez and his lawful wife and the one under letter B to Perfecto Flores and his lawful wife, Felipa Febo.

The deed of division was ratified by another deed executed by Felipa Febo on June 5, 1916, for the purpose of correcting the defect existing in the deed of June 16, 1907, in that Felipa Febo was not a party thereto together with her husband, Perfecto Flores.

On the same day, June 5, 1916, Clemente Vázquez sold by deed to Juan Robles thirty acres segregated from the property of 105 acres allotted to him in the deed of division, and in that deed Vázquez stated that "he acquired jointly with Perfecto Flores the main property from which the parcel sold to Robles was segregated, he being a bachelor, and by an error Jacinta Rodríguez was made a party to the deed of division although she had no right or interest in the said property."

In a deed of July 1, 1916, Jacinta Rodríguez stated that although she was a party to the deed of division of the community property of 210 acres as the wife of Clemente Vázquez, in point of fact she was not his wife, for they lived in concubinage and both were single and had never been lawfully married, for which reason she renounced any right which she might erroneously appear to have by virtue of the deed of division of the community, and in order to strengthen

the case she ratified the sale made by Vázquez to Juan Robles of the thirty acres segregated from the property of 105 acres.

The deed of division of the community of June 16, 1907, was presented in the Registry of Property of San Juan, First Section, for the purpose of recording the property allotted to Clemente Vázquez, and at the same time there was presented for record the deed of sale of the thirty acres of land by Vázquez to Robles, accompanied by the other documents to which we have referred.

The registrar refused to record the deed of June 16, 1907, for the division of the community property and endorsed thereon the following decision:

"Record of the foregoing document is denied because it appears from the registry and the said deed of division that Clemente Vázquez was married when he acquired his joint interest, according to the record of August 6, 1896, he having been a party to the said deed jointly with Jacinta Rodríguez who was said to be his lawful wife, and notwithstanding these statements, in the later deeds of sale and ratification he appears to be a bachelor and says that he was a bachelor when he acquired his joint interest in the property which is divided, but in the face of that contradiction no showing has been made by the proper proceeding or judicial inquiry that he actually had that civil status, which is necessary, not only for the identification of his person and of Jacinta Rodríguez, but also to give him capacity to make the division and subsequent sale with that civil status, and also in order that the effects of the said record may be ignored as regards the rights arising therefrom in favor of the spouse; and the renunciation and ratification made by Jacinta Rodríguez are incompatible with her former statements about her civil status. A cautionary notice has been entered for the legal period at folio 126 of volume 17 of Loíza, property number 742, entry letter A; assigning the curable defect of failure to show that Felipa Febo, who ratified the deed of division in another instrument, was the wife of Perfecto Flores when he acquired his joint interest in the property.—These documents have been examined, but only the property allotted to Clemente Vázquez is asked to be recorded."

Record of the sale of the thirty acres of land by Clemente

Vázquez to Juan Robles was also denied for the same reasons stated in the foregoing decision and because the property from which it was segregated was not recorded. The decision refusing to record the deed of division of June 16, 1907, was appealed from by Clemente Vázquez and that is the case now under consideration.

We find no error in the decision appealed from.

The property which was divided by the deed of June 16, 1907, record of which was denied, was acquired on July 4, 1896, by Clemente Vázquez and Perfecto Flores, both being married, and the property was recorded in their names, it having the character of conjugal partnership property and being divided as such, half of it being allotted to Clemente Vázquez and his lawful wife, Jacinta Rodríguez, and half to Perfecto Flores and his lawful wife, Felipa Febo.

If the deed of division of the community had been presented in the registry unaccompanied by any other documents for the purpose of recording the property allotted to Clemente Vázquez and Jacinta Rodríguez, it could have been recorded; but inasmuch as other documents were presented at the same time in order to obtain another record, and from those documents which the registrar had before him it appears that Jacinta Rodríguez was not the wife of Clemente Rodríguez at the time of the acquisition of the property, but that both were single, it is impossible to record the division of the community as regards the allotment to Vázquez as if he were a bachelor, although both Clemente Vázquez and Jacinta Rodríguez have stated that they were not married and Jacinta Rodríguez has renounced also the rights that she might have by virtue of the false statement that she was married to Clemente Vázquez.

In the record of the deed of July 4, 1896, it appears that they were married, and in view of that fact another record can not be made in open contradiction to the other, unless it is shown in a proper proceeding that Clemente Vázquez

and Jacinta Rodríguez were single at the time of the execution of the said deed.

In this administrative appeal it is not possible to determine whether Clemente Vázquez and Jacinta Rodríguez were married or single. The registrar properly declined to define their civil status and acted correctly in denying the record asked for until the existing doubt is dispelled in a proper proceeding for that purpose.

For the foregoing reasons the decision appealed from must be

*Affirmed.*

Justices Wolf and Aldrey concurred.
Justices Del Toro and Hutchison dissented.